UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT OF GULF OFFSHORE LOGISTICS, LLC, JNB OPERATING, LLC, AND MS. CAROLINE, LLC, ON BEHALF OF THE M/V MS. CAROLINE FOR EXONERATION FROM OR LIMITATION OF LIABILITY | CIVIL ACTION NO: <br><br> SECTION: |

## VERIFIED COMPLAINT FOR EXONERATION FROM OR LIMITATION OF LIABILITY

TO THE HONORABLE, THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF LOUISIANA:

The Complaint of Gulf Offshore Logistics, LLC, JNB Operating, LLC and MS. CAROLINE, LLC (hereinafter referred to, at times, as "petitioners" or "plaintiffs"), as owner and operators of the M/V MS. CAROLINE, in a cause of exoneration from or limitation of liability, Civil and Maritime, pursuant to 46 U.S.C. §30501, and all laws supplementary thereto and amendatory thereof, within purview of Rule 9(h) and Supplemental Admiralty Rule (f) of the Federal Rules of Civil Procedure, alleges upon information and belief as follows:

### ARTICLE I

This is a case of admiralty and maritime jurisdiction, as hereinafter more fully appears.

### ARTICLE II

Venue is proper in the United States District Court for the Eastern District of Louisiana pursuant to Rule F(9) of the supplemental rules for certain admiralty and maritime claims as the incident involved herein occurred within this district, and plaintiffs and the involved vessel, the M/V MS. CAROLINE, can be found in the Eastern District of Louisiana.

## ARTICLE III

Petitioners are all corporations organized and existing under the laws of the State of Louisiana, with their principal place of business in Mathews, Louisiana.

## ARTICLE IV

At all material times, MS. CAROLINE, LLC was the owner of the fast crewboat, the M/V MS. CAROLINE, bearing official number 1199076.

## ARTICLE V

There are no demands, unsatisfied liens, encumbrances, or otherwise, claimed against the M/V MS. CAROLINE insofar as petitioners are aware excepting the vessel is subject to a vessel mortgage held by Wells Fargo Bank.

## ARTICLE VI

At all material times, petitioners exercised due diligence to make and maintain the M/V MS. CAROLINE in a seaworthy condition and at all times hereinafter described, she was in fact fully and properly crewed, equipped and supplied and, in all respects, seaworthy and reasonably fit for the service in which she was engaged.

## ARTICLE VII

On June 16, 2012, the M/V MS. CAROLINE was navigating in the waters of the Gulf of Mexico, in the area of West Delta 101, bound for Port in Fourchon, Louisiana.

## ARTICLE VIII

On June 16, 2012, while navigating in the waters of the Gulf of Mexico in the area of West Delta 101, the M/V MS. CAROLINE came into collision with the M/V EURONIKE, a foreign flag

freighter, allegedly causing damage to said freighter. The M/V MS. CAROLINE was also damaged in the incident.

### ARTICLE IX

The owners and operators of the M/V EURONIKE have made a demand upon plaintiffs' herein for damages allegedly sustained by the M/V EURONIKE as a consequence of the collision.

### ARTICLE X

In addition, there were certain crew and third-party personnel aboard the M/V MS. CAROLINE at the time of the collision, some of whom sustained personal injuries and who have and may make claims upon the M/V MS. CAROLINE and plaintiffs' herein.

### ARTICLE XI

The above described events and the losses, damages or injuries resulting therefrom were not caused or contributed to by the fault, negligence, lack of due diligence or want of due care on the part of the plaintiffs, the M/V MS. CAROLINE, or any persons in charge of her or any person for whom plaintiffs are responsible, the design or condition of the M/V MS. CAROLINE, nor was the M/V MS. CAROLINE in anyway unseaworthy. Rather, if any damages, losses or injuries were sustained as a result of the June 16, 2012 incident, said damages are due to and/or caused by natural occurrences and/or the conduct, fault, negligence, lack of due diligence, or want of due care of others for whom plaintiffs and the M/V MS. CAROLINE are not responsible.

### ARTICLE XII

Alternatively, plaintiffs avers that, in the event they, or the M/V MS. CAROLINE should be held responsible to any party or parties by reason of the matters aforesaid, plaintiffs and the M/V MS. CAROLINE, claim the benefit of limitation of liability as provided for in 46 U.S.C. §30501,

*et seq*, and all laws supplementary thereto and amendatory thereof and that such liability be limited to, and not to exceed, the value of plaintiffs interest in the M/V MS. CAROLINE and her freight, if any, then pending.

### ARTICLE XIII

Alternatively, the above described events and any losses, damages or injuries resulting therefrom were done, occasioned or occurred without the privity or knowledge of plaintiffs as owner/operators of the M/V MS. CAROLINE.

### ARTICLE XIV

The plaintiffs demand exoneration from liability for all damages of any nature or kind, cause, occasioned by, or arising out of the voyages of the M/V MS. CAROLINE on June 16, 2012 as to the claims of the EURONIKE interests and/or any other claims derivative from the collision mentioned above. Plaintiffs further allege that they have valid defenses under the facts and applicable law to any claims arising therefrom.

### ARTICLE XV

This Complaint is filed within six months of the date plaintiffs receive written notice of any claim potentially exceeding the value of the M/V MS. CAROLINE arising out of the aforementioned events.

### ARTICLE XVI

The entire aggregate amount or value of the plaintiffs' interest in the M/V MS. CAROLINE and her pending freight, if any, at the close of the aforesaid voyage, does not exceed $6,000,000.00.

## ARTICLE XVII

The plaintiffs have filed contemporaneously herewith, an ad interim stipulation for value in appropriate form, for payment into the registry of the court, the amount of petitioners interest in the M/V MS. CAROLINE as set forth in the affidavit of value of Tim Anselmi, marine surveyor, filed herewith as Exhibit "A", together with interest should the court so order, and for costs.

## ARTICLE XVIII

Petitioners also attach, as Exhibit "B", a letter of undertaking issued by the insurors of the M/V MS. CAROLINE, as security for this limitation proceeding on behalf of the vessel.

## ARTICLE XIX

Pursuant to 46 U.S.C. §30501, *et seq*, plaintiffs are entitled to have all claims and issues concerning the incident in question determined in a single proceeding before the United States District Court for the Eastern District of Louisiana, sitting in admiralty and that this Honorable court issue an order enjoining the prosecution of any claim in any court outside this limitation proceeding.

## ARTICLE XX

All and singular, the premises are true and correct and within the admiralty and jurisdiction of this Honorable Court, pursuant to Federal Rule of Civil Procedure 9(h) and Rule F of the supplemental rules for certain admiralty and maritime claims of the Federal Rules of Civil Procedure.

WHEREFORE, the plaintiffs prays that:

(a) That this Honorable Court issue an Order approving the ad interim stipulations and the letter of undertaking filed by plaintiffs as security, and for payment into the court in the amount alleged by the plaintiffs to be the value of its interest in the M/V MS.

CAROLINE at the termination of the aforesaid voyage, and her pending freight, if any, whenever the same shall be ordered by the court;

(b) That this Honorable Court issue a notice to all persons, firms or corporations asserting a claim for any and all losses, damages or destruction of property with respect to which plaintiffs seek exoneration from or limitation of liability, requiring said claimants to file their respective claims with the Clerk of Court and to serve on attorneys for plaintiffs a copy thereof, before a date to be determined in such notice, or be forever barred and permanently enjoined from making and filing any such claims and, further, if any claimant decides to contest either the right of plaintiffs to exoneration from or limitation of liability, said claim and an answer to the Complaint shall be filed and served on the attorneys for plaintiffs on or before the aforementioned date to be set by this court;

(c) That this Honorable Court enjoin the further prosecution of any and all actions, suits or proceedings of any nature or description already commenced or which may hereafter be commenced in any jurisdiction against plaintiffs, the M/V MS. CAROLINE, their underwriters or insurers or any other property of plaintiffs, except in this action, to recover damages as a result of any damage to property or other loss or damage resulting from said incidents referenced above;

(d) That this Honorable Court adjudge that plaintiffs and the M/V MS. CAROLINE are not liable to any extent for any property damage or any other loss or damage resulting from the incidents referenced above;

(e) Alternatively, if this Court should adjudge that plaintiffs or the M/V MS. CAROLINE are liable in any amount whatsoever, for any damages, liability for which is expressly denied, that said liability be limited to the value of the plaintiffs' interest in the M/V MS. CAROLINE, and to be divided pro rata among such claimants;

(f) That a judgment be entered discharging plaintiffs and the M/V MS. CAROLINE of and from any and all further liability, and forever enjoining and prohibiting the filing and prosecution of any claims against plaintiffs or the M/V MS. CAROLINE, their underwriters, and/or their property, in consequence of or in connection with the matters and happenings referred to in this Complaint in Limitation.

(g) That petitioners may have such other further general and equitable relief as the justice of this cause may require and this Honorable Court may be competent to grant.

Respectfully submitted,

<u>S/RICHARD A. COZAD</u>
MICHAEL L. McALPINE, T.A. (#9195)
RICHARD A. COZAD, (#4537)
McALPINE & COZAD
365 Canal Street, Suite 2730
New Orleans, LA  70130
Tel. (504) 561-0323 / Fax (504) 528-9442
Attorneys for Gulf Offshore Logistics

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that a the foregoing document was filed with the Clerk of Court on December 13, 2012, and is available for viewing and downloading from the CM/ECF system. Notice of Electronic Case Filing has been sent automatically to all counsel on the e-mail service list. Any counsel not included on the e-mail service list received a copy via United States Mail.

                                                        <u>S/RICHARD A. COZAD</u>

114183